IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LOUIS JENKINS,                     :

    Petitioner,                   :

v.                                 :      CIVIL ACTION 04-00644-BH-B

STEPHEN BULLARD,                   :

    Respondent.                   :


## REPORT AND RECOMMENDATION

Louis Jenkins, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Petitioner challenges the validity of his 2002 conviction by a jury in the Circuit Court of Mobile County, Alabama, for manslaughter, for which he received a sentence of life with the possibility of parole in the state penitentiary.[1]  (Doc. 1 at 3).

This matter is now before the undersigned Magistrate Judge on Petitioner's petition, respondent's answer, Petitioner's response to respondent's answer, briefs, responses, and exhibits filed by the parties, the state court records, various appellate briefs filed by the parties, and

---

[1]Defendant was sentenced as a habitual offender, as he had two prior felony convictions.  (Doc. 9, Ex. 1A at 4).

opinions and orders of the state appellate courts.[2]  Following
a careful review of the records and exhibits, the undersigned
finds that there are sufficient facts and information upon
which the issues under consideration may be properly resolved.
Therefore, no evidentiary hearing is required upon the issues.
See Keeney v. Tamayo-Reyes, 504 U.S. 1, 12 (1992).

### FINDINGS OF FACT

Viewing the evidence in the light most favorable to the
prosecution, see Jackson v. Virginia, 443 U.S. 307, 319
(1979), the facts are as follows:

On August 4, 2001, Petitioner, armed with a baseball bat,
beat victim Denise Payton in the head a minimum of eight
times, ultimately causing her death.  (Doc. 9, Ex. 1A, Vol. 2
at R-181-R-182).  Petitioner then left his apartment and
arrived at his sister's apartment where he notified the
authorities that he had "beat [the victim] up real bad with a
baseball bat," and further that she was "bleeding like a hog."
(Doc. 9, Ex. 1A, Vol. 1 at R-74). When asked if Petitioner
would be with the victim when the authorities arrived,
Petitioner responded that he would not because he would

---

[2]Also pending before the Court is Petitioner's Motion for
Final Judgment and Motion for Final Disposition (Docs. 17 and
18).  In light of this Court's recommendation that
Petitioner's petition for federal habeas corpus relief be
denied, these motions become MOOT.

2

probably be going to jail.  (<u>Id.</u> at R-75).   The victim's body was discovered nude on the bed in Petitioner's apartment with her hands duct taped behind her back, her ankles duct taped together, and a piece of duct tape covering her mouth.  (<u>Id.</u> at R-59, R-61, R-67, R-123, and Vol. 2 at R-168).   Petitioner fled the area and was subsequently arrested in Verbena, Alabama.  (Doc. 9, Ex. 1A, Vol. 1 at R-125).

Petitioner was indicted by the Mobile County Grand Jury on January 18, 2002, and charged with murder in connection with the August 4, 2001, beating death of Payton.  (Doc. 9, Ex. 1A, Vol. 1 at 6).  On February 15, 2002, Petitioner entered a plea of not guilty to the charges, and his jury trial commenced on June 10, 2002, in the Circuit Court of Mobile County, Alabama, the Honorable John R. Lockett presiding.  (<u>Id.</u> at 1).  Petitioner was represented at trial by attorney Deborah McGowin.  (<u>Id.</u>).  On June 12, 2002, the jury returned a verdict of guilty of manslaughter, and, on July 11, 2002, Petitioner was sentenced under the Habitual Felony Offender Act to life in the state penitentiary, with the possibility of parole.  (<u>Id.</u> at 3-4).

Petitioner gave oral notice of appeal to the Alabama Court of Criminal Appeals on July 11, 2002, and attorney Linda Jensen was appointed on that same date to represent Petitioner

on appeal.  (Id. at 4, 35).  Attorney Linda Jensen filed an appellate brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), stating that her review of the record established no meritorious issues that could be raised on appeal from Petitioner's conviction for manslaughter.  (Doc. 9, Ex. 1B).  Attorney Jensen discussed a number of issues that she had considered raising, but concluded that based on current law, none of the issues were meritorious.  (Id.).  With permission of the Alabama Court of Criminal Appeals, Petitioner, on November 14, 2002, filed his pro se statement of issues on appeal.  He did not mention or reference any of the issues addressed in attorney Jensen's brief.  He instead raised the following issues:  (1) trial counsel was ineffective because she improperly argued her motion for judgment of acquittal in that she did not argue that Petitioner was either guilty of murder or nothing at all; (2) trial counsel was ineffective because in her motion for judgment of acquittal she argued the insufficiency of the evidence regarding Petitioner's intent but argued no other grounds; (3) trial counsel was ineffective for failing to argue and preserve for appellate review the claim that there was fatal variance between the evidence and the charge because all evidence at trial pointed to assault

and because the victim's death was due to a delay in medical attention; and (4) trial counsel was ineffective because she failed to preserve for review the claim that the State had failed to prove the "statutory element" of murder, because she did not object to the State's requested jury charges, and because she should not have asked for certain jury charges. (Doc. 9, Ex. 2A at 23; ex. 1C).

On February 21, 2003, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction by memorandum opinion noting that "[w]e have reviewed the record in this case and find no merit to Jenkins' contentions. His claims of ineffective assistance of trial counsel are being raised for the first time on appeal.  Thus, his claims are not preserved for appellate review." (Doc. 9, Ex. 1D at 2).  Petitioner filed an application for rehearing with the Alabama Court of Criminal Appeals on March 5, 2003, (Doc. 9, Ex. 1E), and on March 21, 2003, the application for rehearing was overruled. (Doc. 9, Ex. 2A at 5).  Petitioner filed a petition for writ of certiorari in the Alabama Supreme Court, (Doc. 9, Ex. 1F), which was denied without opinion on May 16, 2003.  (Doc. 9, Ex. 1G); Ex parte Louis Jenkins, 883 So. 2d 275 (unpublished table decision) (Ala. May 16, 2003).  On May 16, 2003, the Alabama Court of Criminal Appeals issued a certificate of

5

judgment in Petitioner's case.  (Doc. 9, Ex. 2A at 5).

On July 9, 2003, Petitioner filed a petition for postconviction relief pursuant to Rule 32, <u>Alabama Rules of Criminal Procedure</u>.  In his Rule 32 petition, Petitioner asserted a single issue, the denial of effective assistance of appellate counsel.  (Doc. 9, Ex. 2A at 5, 10-22).  The State of Alabama filed a response to this petition on September 19, 2003.  (<u>Id.</u> at 27).  Petitioner's Rule 32 petition for relief was dismissed by the trial court on March 5, 2004.  (<u>Id.</u> at 46-48).  The trial court, in summarily dismissing Petitioner's petition for postconviction relief, explained the following:

> [p]etitioner has failed to substantiate any of these claims with any facts.  These claims fail to meet the requirement of specificity in pleadings as required by Rule 32.3 and further stressed by Rule 32.6(b).  In the first place, the bare allegations are unsupported by factual underpinnings sufficient to meet the requirements of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 2064 (1984). It is axiomatic that "the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis for those grounds.  A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."  Rule 32.6(b). Petitioner's generalized claims do not meet this requirement or test...Additionally, these claims are meritless.  Petitioner does not deny that his actions caused the death of the victim in this case.

(Id. at 46-48).

Petitioner filed a notice of appeal of this dismissal to the Alabama Court of Criminal Appeals on March 24, 2004. (Id. at 49-54). The State of Alabama filed a brief with the appellate court on May 24, 2004, (Doc. 9, Ex. 2C), to which Petitioner filed a pro se reply brief. (Doc. 9, Ex. 2D). On June 18, 2004, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of Petitioner's Rule 32 petition for relief, holding that the trial court's dismissal was "supported by the record on appeal and the court's personal knowledge of Jenkins' underlying criminal conviction," and further noting that the trial court "did not err in summarily denying the petition" because Petitioner's claims were "either procedurally barred or lacked merit." (Doc. 9, Ex. 2E at 3). On September 17, 2004, the Supreme Court of Alabama denied Petitioner's petition for a writ of certiorari. (Doc. 9, Ex. 2I).

Subsequently, on October 12, 2004, Petitioner filed the instant petition for a writ of habeas corpus, setting forth three claims in support of his request for habeas relief: (A) the trial court's denial of Petitioner's Motion for a Directed Verdict and the trial court's overruling of Petitioner's objection to the introduction of autopsy photographs; (B) the

7

trial court's denial of Petitioner's Motion of Acquittal based on Sufficiency of the Evidence; and (C) ineffective assistance of appellate counsel. (Doc. 1 at 13-14).   Respondent argues that Petitioner's claims are procedurally defaulted from this Court's review. (Doc. 9 at 1, 4).   For the reasons set forth below, the Court finds that Petitioner is not entitled to habeas relief on the basis of any of his claims.

### DISCUSSION

As outlined above, Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising three federal constitutional claims.   For the reasons set forth below, the Court finds that Petitioner is not entitled to habeas relief on the basis of any of these claims.

I.   Claims A and B

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State."   "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."   O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of

those claims.  Id., 526 U.S. at 848.

In addressing the proper manner in which a federal claim must be presented to the state court to prevent procedural default, the United States Supreme Court has stated:

> In Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

The exhaustion doctrine also requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.  In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of

Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court.  See Ala. R. App. P. 4, 39, 40. The threshold question here, then, is whether Petitioner fully and fairly presented his federal habeas claims to the Alabama courts by invoking one complete round of the State's established appellate review process.

The record shows that attorney Linda Jensen was appointed to represent Petitioner on the appeal of his conviction in the state court. (Doc. 9, Ex. 1A at 4, 35).  Attorney Jensen filed a brief in compliance with Anders v. California, 386 U.S. 738 , 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), stating that her review of the record established no meritorious issues that could be raised on appeal from Petitioner's conviction for manslaughter. (Doc. 9, Ex. 1B).  Jensen explained in her brief that the only possible issues to appeal would have been the denial of Petitioner's motion for a directed verdict, and the overruling of Petitioner's objection to the introduction of autopsy photographs.[3]  (Id.).  Jensen then proceeded with a thorough discussion of these issues, as well as Petitioner's possible claim that the court erred in

---

[3]The Court notes that the trial court allowed the introduction of the autopsy photographs only after the State agreed to limit the photographs to two and to lay a proper predicate first. (Doc. 9, Ex. 1A at R-6).

10

denying his motion for judgment of acquittal based on the
sufficiency of the evidence, and the relevant law pertaining
to all of the above issues, which she ultimately concluded
were not meritorious.

Following the filing of attorney Jensen's brief,
Petitioner filed pro se a list of issues on direct appeal with
the Alabama Court of Criminal Appeals.  He did not dispute
attorney Jensen's assertions that the issues highlighted in
her brief were nonmeritorius.  The only issues he presented in
his pro se list concerned the alleged ineffectiveness of his
trial counsel.  (Doc. 9, Ex. 2A at 23; ex. 1C).  The Alabama
Court of Criminal Appeals affirmed Petitioner's conviction,
subsequently denied a rehearing, and the Supreme Court of
Alabama denied Petitioner's petition for a writ of certiorari.
(Doc. 9, Exs. 1D, 1E, 2A at 5, and 1G).  Petitioner then filed
a petition for post-conviction relief pursuant to Rule 32 of
the <u>Alabama Rules of Criminal Procedure</u>; however, he only
attempted to raise habeas Claim C, concerning the
ineffectiveness of his appellate counsel, during those
proceedings.[4]  (Doc. 9, Ex. 2A at 5, 10-22).  It does not
appear from a careful review of the record that Petitioner

---

[4]While Petitioner did raise Claim C in his Rule 32
petition in state court, he did so improperly.

11

made any effort to raise Claims A-B in state court.

In Pruitt v. Jones, 348 F.3d 1355 (11th Cir. 2003), the Eleventh Circuit held that, in order to properly exhaust a federal habeas claim in state court, a petitioner must seek discretionary review of the claim in the state's "court of last resort, even if review in that court is discretionary." Id. at 1358-59 (citing O'Sullivan, 526 U.S. at 845). This rule applies to claims presented to the state court on direct appeal, as well as to claims presented on collateral review. Pruitt, 348 F.3d at 1359 (citing O'Sullivan, 526 U.S. at 847 and Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001)). As discussed above, Petitioner failed to raise Claims A and B either on direct appeal or in his Rule 32 petition. Thus, those claims are unexhausted, and any attempt by Petitioner to raise them now in the state court would be futile. See Ala. R. Crim. Proc. 32.2(a)(5) (barring relief upon any ground which "could have been but was not raised on appeal") and Ala. R. Crim. P. 32.2(b) (barring a second or successive petition on any ground that was known at the time that the first petition was heard); Ala. R. App. P. 39 (a petition for a writ of certiorari must be filed within 14 days of the decision of the Court of Criminal Appeals on the application for rehearing.).

Where, as here, the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief unless either the cause and prejudice or the fundamental miscarriage of justice exception is established. <u>Smith</u>, 256 F.3d at 1138 (citing <u>O'Sullivan</u>, 526 U.S. at 848-49 and <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991)). <u>See also</u> <u>Gates v. Zant</u>, 863 F.2d 1492, 1500 (11th Cir. 1989) ("[a] defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default."); <u>Medina v. Singletary</u>, 59 F.3d 1095, 1107 (11th Cir. 1995) ("[i]f a state prisoner fails to raise a claim in state court, or attempts to raise a claim in an improper manner, and state procedural rules preclude the state courts from hearing the merits of the claim, then the federal habeas court is also precluded from hearing its merits, absent a showing of cause and prejudice.").

Accordingly, the next step of the Court's analysis is to determine whether Petitioner has demonstrated cause and prejudice for his procedural default with regard to habeas Claims A and B. As discussed above, in order to obtain review

of a defaulted constitutional claim, the federal habeas petitioner must show cause for the procedural default and prejudice attributable thereto.  <u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986) (citing <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977)).  "Cause" for a procedural default exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," or that the procedural default was the result of ineffective assistance of counsel.  <u>Id.</u>, 477 U.S. at 488.  To establish "prejudice," the petitioner additionally must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982) (emphasis in original).  In the absence of a showing of cause and prejudice, this Court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent."  <u>Smith v. Murray</u>, 477 U.S. 527, 537-38 (1986).

Through Petitioner's many pleadings, filed with this Court since the commencement of this action on October 12, 2004, he has been afforded the opportunity to demonstrate

14

cause and prejudice for his default with regard to his habeas claims.  (Doc. 10).  Having duly considered Petitioner's petition and additional pleadings, as well as all of the information contained in the court record, the undersigned finds that Petitioner has failed to demonstrate, or even allege, that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule," or that the cause for the procedural default was the result of ineffective assistance of counsel.  <u>Murray</u>, 477 U.S. at 488.  Moreover, Petitioner has failed to show that he is "actually innocent," thereby establishing that a fundamental miscarriage of justice would occur if this Court did not consider these claims.  <u>Id.</u> at 496.  The undersigned finds that Petitioner has failed to establish cause and prejudice as those terms are defined by law and has further failed to demonstrate that the Court's failure to discuss the merits of his Claims A and B will result in a fundamental miscarriage of justice being visited upon him.  Therefore, Petitioner's habeas Claims A and B are procedurally defaulted in this Court and are due to be dismissed.

II.  <u>Claim C</u>

A state prisoner's habeas claim may be procedurally defaulted even if the claim was raised in state court, if it

was raised improperly.  If a state prisoner raises his claim
in state court, but fails to raise it in an appropriate state
procedural manner and is denied relief on the basis of an
independent and adequate state procedural rule, he is barred
from federal habeas relief unless he can demonstrate cause for
the default and actual prejudice as a result of the alleged
violation of federal law.  See Coleman, 501 U.S. at 750 (1991)
and Medina, 59 F.3d at 1107 (11th Cir. 1995).

In the present action, the record shows that Petitioner
did raise habeas Claim C, ineffective assistance of appellate
counsel, in his petition for post-conviction relief pursuant
to Rule 32 of the Alabama Rules of Criminal Procedure.  (Doc.
9, Ex. 2A at 5, 10-22).  Regarding this claim, the trial court
denied Petitioner's request for relief, holding that the claim
was insufficiently pleaded pursuant to Rule 32.3 and Rule
32.6(b) of the Alabama Rules of Criminal Procedure, and
further that there was no merit to the claim.  (Id., Ex. 2A at
46-48).  Petitioner then appealed to the Alabama Court of
Criminal Appeals, which denied his request for relief.  In
upholding the trial court's finding that Petitioner's claim
was procedurally insufficient and lacked merit, the Alabama
Court of Criminal Appeals explained:

> [o]ur review of the record reveals that the

16

>facts supporting the position of each party were fully set out in the record.  The trial court's findings are supported by the record on appeal and the court's personal knowledge of Jenkins' underlying criminal conviction.  Because the trial court determined that Jenkins' claims were *either procedurally barred or lacked merit*, the court did not err  in summarily denying the petition        ...

(Doc. 9, Ex. 2E at 3) (internal citations omitted) (emphasis added).

In determining whether a state court has denied a prisoner's claim based on an independent and adequate state procedural rule, the Eleventh Circuit has established a three-part test.  "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim."  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  "Secondly, the state court's decision must rest solidly on state law grounds, and may not be 'intertwined with an interpretation of federal law.'" Id.  The Eleventh Circuit has held, however, that "[w]hen a state court addresses both the independent state procedural ground and the merits of the federal constitutional claim, the federal court should apply the state procedural bar

and decline to reach the merits of the claim." <u>Marek v. Singletary</u>, 62 F.3d 1295, 1301-02 (11th Cir. 1995); <u>see also</u> <u>Alderman v. Zant</u>, 22 F.3d 1541, 1549 (11th Cir. 1994) ("However, as here, where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."); and <u>Cloud v. Deloach</u>, No. 04-14890, 2005 WL 1994940 (11th Cir. Aug. 19, 2005).  "Finally, the state procedural rule must be adequate; *i.e.*, it must not be applied in an arbitrary or unprecedented fashion;" it must not "be 'manifestly unfair' in its treatment of the petitioner's federal constitutional claim," <u>Judd v. Haley</u>, 250 F.3d at 1313; and it must be firmly established and regularly followed.  <u>Cochran v. Herring</u>, 43 F.3d 1404, 1408 (11th Cir. 1995) (citing  <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991)).

     In the memorandum opinion of the Alabama Court of Criminal Appeals, which was the last state court to render a judgment in this case, the court found that Petitioner had failed, under state procedural law, to properly present his claim for review as required by the <u>Alabama Rules of Criminal Procedure</u>, and that because the trial court determined that

Petitioner's claim was "either procedurally barred or lacked merit, the court did not err in summarily denying the petition." (Doc. 9, Ex. 2E).  Thus, the appellate court did not reach the merits of Petitioner's ineffective assistance of appellate counsel claim which is now set forth in Petitioner's habeas petition.  With respect to Petitioner's ineffective assistance of appellate counsel claim, set forth as habeas Claim C, the state court held that Petitioner had failed to comply with Rule 32.6(b), which provides that:

> [t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.

Rule 32.6(b), Ala. R. Crim. P.  The court then summarily dismissed the petition because of the failure of Petitioner to comply with Rule 32.6(b) and alternatively because the petition lacked merit.  (Doc. 9, Ex. 2E).

Based on the Court's review of these state court rules and the record of Petitioner's Rule 32 proceedings with respect to this claim, the Court is satisfied that the state procedural law was firmly established and regularly followed,

and the procedural bar was fairly and non-arbitrarily applied.
See Burgess v. State, CR-02-0977, 2005 WL 2402672, *21 (Ala.
Crim. App. Sept. 30, 2005) (Affirming trial court's dismissal
of Rule 32 claim for lack of specificity and full factual
pleading requirements, stating that "'[r]ule 32.6(b) requires
that the petition itself disclose the facts relied upon in
seeking relief,'" and explaining that it is not the pleading
of a conclusion which entitles a petitioner to relief but
instead the allegation of true facts.) (internal citations
omitted) (emphasis in original); see also Boyd v. State, 746
So. 2d 364, 406 (Ala. Crim. App. 1999); and Lancaster v.
State, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993).
Moreover, since the State dismissed Petitioner's claim on the
basis of a firmly established and regularly followed
procedural ground and alternatively on the merits, pursuant to
Eleventh Circuit instruction, this Court will apply the
procedural bar and not reach the merits of the claim.  See
Marek v. Singletary, 62 F.3d 1295, 1301-02 (11th Cir. 1995);
and Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994).
Therefore, Petitioner's habeas Claim C is defaulted in federal
court pursuant to independent and adequate state procedural
grounds.

Regarding whether Petitioner has demonstrated cause and

prejudice for his procedural default with regard to Claim C, just as discussed above concerning habeas Claims A and B, the Court finds that Petitioner has failed to demonstrate, or even allege, that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule," or that the cause for the procedural default was the result of ineffective assistance of counsel. <u>Murray</u>, 477 U.S. at 488. Further, Petitioner has failed to show that he is "actually innocent," thereby establishing that a fundamental miscarriage of justice would occur if this Court did not consider these claims. <u>Id.</u> at 496. The Court is of the opinion that Petitioner has failed to establish cause and prejudice as those terms are defined by law and has failed to establish that a denial of review constitutes a fundamental miscarriage of justice. Therefore, Petitioner's habeas Claim C, as well as Claims A and B, is procedurally defaulted in this Court and is due to be dismissed.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that all of Petitioner's claims are procedurally defaulted from this Court's review and that his request for habeas corpus relief should be denied. It is so recommended.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **16th** day of **November, 2005.**

                             **   /s/ Sonja F. Bivins   **
                             UNITED STATES MAGISTRATE JUDGE

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
### AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
### <u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing

party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**/s/ Sonja F. Bivins**
UNITED STATES MAGISTRATE JUDGE