IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LOUIS JENKINS                    :

    Petitioner,              :

v.                               :       CIVIL ACTION NO. 04-00644-BH-B

STEPHEN BULLARD,                 :

    Respondent.              :


## REPORT AND RECOMMENDATION

Louis Jenkins, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his 2002 conviction by a jury in the Circuit Court of Mobile County, Alabama, for manslaughter, for which he received a sentence of life with the possibility of parole in the state penitentiary.[1] (Doc. 1 at 3).

This matter has previously been before the undersigned Magistrate Judge on Petitioner's petition, Respondent's answer, briefs, responses, and exhibits filed by the parties, the state court records, various appellate briefs filed by the parties, and opinions and orders of the state appellate courts. Following a

---

[1] Defendant was sentenced as a habitual offender, as he had two prior felony convictions. (Doc. 9. Ex. 1A at 4).

review of the petition and record, this Court found that an evidentiary hearing was not warranted on the issues.[2]   See 28 U.S.C. § 2254(e)(2).   On January 5, 2006, this Court also determined that all of Petitioner's claims were procedurally defaulted. (Doc. 19, Report and Recommendations, Doc. 24, Order, and doc. 25, Judgment).  On January 19, 2006, Petitioner filed his

---

[2]Because Petitioner filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required."  Kelley v. Secretary for Dep't of Corrs., 377 F.3d 1317, 1337 (11th Cir. 2004).  The legal standard for determining when an evidentiary hearing in a habeas corpus case is allowed is articulated in 28 U.S.C. § 2254(e)(2), which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
>
> (A) the claim relies on–
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Petitioner has failed to establish that an evidentiary hearing is warranted in this case.

Notice of Appeal to the Eleventh Circuit Court of Appeals. (Doc. 26).

On January 11, 2007, the Eleventh Circuit Court of Appeals vacated in part this Court's Order dismissing Petitioner's trial court error claims, and remanded the action to this Court for consideration of the merits of the trial court error claims only. (Doc. 34). The Appeals Court upheld the portion of this Court's Order dismissing Petitioner's claims of ineffective assistance of appellate counsel as procedurally barred. (Id.).

<u>FINDINGS OF FACT</u>

Viewing the evidence in the light most favorable to the prosecution, <u>see</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979), the facts are as follows:

On August 4, 2001, Petitioner, armed with a baseball bat, beat victim Denise Payton in the head a minimum of eight times, ultimately causing her death. (Doc. 9, Ex. 1A, Vol. 2 at R-181-R-182). Petitioner then left his apartment and arrived at his sister's apartment where he notified the authorities that he had "beat [the victim] up real bad with a baseball bat," and further that she was "bleeding like a hog." (Doc. 9, Ex. 1A, Vol. 1 at R-74). When asked if Petitioner would be with the victim when the authorities arrived, Petitioner responded that he would not because he would probably be going to jail. (<u>Id.</u> at R-75). The victim's body was discovered nude on the bed in Petitioner's apartment with

her hands duct taped behind her back, her ankles duct taped together, and a piece of duct tape covering her mouth. (Id. at R-59, R-61, R-67, R-123, and Vol. 2 at R-168). Petitioner fled the area and was subsequently arrested in Verbena, Alabama. (Doc. 9, Ex. 1A, Vol. 1 at R-125).

Petitioner was indicted by the Mobile County Grand Jury on January 18, 2002, and charged with murder in connection with the August 4, 2001, beating death of Payton. (Doc. 9, Ex. 1A, Vol. 1 at 6). On February 15, 2002, Petitioner entered a plea of not guilty to the charges, and his jury trial commenced on June 10, 2002, in the Circuit Court of Mobile County, Alabama, before the Honorable John R. Lockett. (Id. at 1). Petitioner was represented at trial by attorney Deborah McGowin. (Id.). On June 12, 2002, the jury returned a verdict of guilty of manslaughter, and, on July 11, 2002, Petitioner was sentenced under the Habitual Felony Offender Act to life in the state penitentiary, with the possibility of parole. (Id. at 3-4).

Petitioner gave oral notice of appeal to the Alabama Court of Criminal Appeals on July 11, 2002, and attorney Linda Jensen was appointed on that same date to represent Petitioner on appeal. (Id. at 4, 35). Attorney Linda Jensen filed an appellate brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), stating that her review of the record established no meritorious issues that could be raised on appeal

4

from Petitioner's conviction for manslaughter.  (Doc. 9, Ex. 1B).
Attorney Jensen discussed a number of issues that she had
considered raising, including the trial court's denial of
Petitioner's motion for directed verdict based on the jury
instruction regarding intent; the trial court's overruling of
Petitioner's objection to the introduction of autopsy photographs,
and the trial court's denial of Petitioner's motion for judgment of
acquittal based on the sufficiency of the evidence.   Attorney
Jensen concluded, based on current law, that none of the issues
were meritorious.   (Id.).  At roughly the same time, with
permission of the Alabama Court of Criminal Appeals, Petitioner
filed, pro se, the following issues: (1) trial counsel was
ineffective because she improperly argued her motion for judgment
of acquittal in that she did not argue that Petitioner was either
guilty of murder or nothing at all; (2) trial counsel was
ineffective because in her motion for judgment of acquittal she
argued the insufficiency of the evidence regarding Petitioner's
intent but argued no other grounds; (3) trial counsel was
ineffective for failing to argue and preserve for appellate review
the claim that there was fatal variance between the evidence and
the charge because all evidence at trial pointed to assault and
because the victim's death was due to a delay in medical attention;
and (4) trial counsel was ineffective because she failed to
preserve for review the claim that the State had failed to prove

5

the "statutory element" of murder, because she did not object to the State's requested jury charges, and because she should not have asked for certain jury charges. (Doc. 9, Ex. 2A at 23; ex. 1C).

On February 21, 2003, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction by memorandum opinion noting that "[w]e have reviewed the record in this case and find no merit to Jenkins' contentions.  His claims of ineffective assistance of trial counsel are being raised for the first time on appeal. Thus, his claims are not preserved for appellate review." (Doc. 9, Ex. 1D at 2).  Petitioner filed an application for rehearing with the Alabama Court of Criminal Appeals on March 5, 2003, (Doc. 9, Ex. 1E), and on March 21, 2003, the application for rehearing was overruled. (Doc. 9, Ex. 2A at 5).  Petitioner filed a petition for writ of certiorari in the Alabama Supreme Court, (Doc. 9, Ex. 1F), which was denied without opinion on May 16, 2003.  (Doc. 9, Ex. 1G); Ex parte Louis Jenkins, 883 So. 2d 275 (unpublished table decision) (Ala. May 16, 2003).  On May 16, 2003, the Alabama Court of Criminal Appeals issued a certificate of judgment in Petitioner's case.[3]  (Doc. 9, Ex. 2A at 5).

_____

[3] On July 9, 2003, Petitioner filed a petition for postconviction relief pursuant to Rule 32, Alabama Rules of Civil Procedure, asserting only a denial of effective assistance of appellate counsel.  (Doc. 9, Ex. 2A at 5, 10-22).  As the Rule 32 petition is not relevant to the issues currently before this

On October 12, 2004, Petitioner filed the instant petition for a writ of habeas corpus, setting forth three claims in support of his request for habeas relief: (A) the trial court's denial of Petitioner's Motion for a Directed Verdict and the trial court's overruling of Petitioner's objection to the introduction of autopsy photographs; (B) the trial court's denial of Petitioner's Motion of Acquittal based on Sufficiency of the Evidence; and ©) ineffective assistance of appellate counsel. (Doc. 1 at 13-19).  As discussed above, pursuant to instructions from the Eleventh Circuit Court of Appeals, this Court now considers Petitioner's first two claims on the merits.

<u>DISCUSSION</u>

For the reasons set forth below, the Court finds that Petitioner is not entitled to habeas relief on the basis of these claims.

In Petitioner's claims A & B, which are at issue, he actually asserts three claims of error by the trial court.  First, Petitioner claims that the trial court erred in denying his motion for directed verdict of acquittal at the close of the State's case

---

Court, this Court will not again recite the facts regarding said petition.  For the facts related to Petitioner's Rule 32 petition, please refer to this Court's Report and Recommendation filed on November 16, 2005.  (Doc. 19).

because the State failed to prove that Petitioner intended to kill the victim. (Doc. 1 at 15). Second, Petitioner claims that the trial court erred by overruling his objection to introduction of the autopsy photographs. (Id.). Finally, Petitioner claims that the trial court erred by denying his motion for judgment of acquittal based upon the insufficiency of the evidence. (Doc. 1 at 17-19).

As noted supra, these issues were presented by Petitioner's appointed appellate attorney, Linda Jensen, in her brief filed in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In her Anders brief, attorney Jensen identified these three issues as potential issues upon which to base an appeal, but after consideration, determined that they were not meritorious. (Doc. 9, Ex. 1B). The Alabama Court of Criminal Appeals, in its opinion dated February 21, 2003, held that Jenkins' own allegations, along with the issues identified by his attorney, Linda Jensen, had no merit. (Doc. 9, Ex. 1D).

This Court begins its analysis of Petitioner's claims with the principle that federal habeas relief for state prisoners attacking their conviction is limited in scope:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody

8

> pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States*.

28 U.S.C. § 2254(a) (West 2004) (emphasis added).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of a constitutional dimension."  Smith v. Phillips, 455 U.S. 209, 221 (1982).  See also Cupp v. Naughten, 414 U.S. 141, 146 (1973) ("Before a federal court may overturn a conviction resulting from a state trial . . . it must be established not merely that the [State's action] is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.").

Questions of state law rarely have federal constitutional significance because "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983).  In reviewing an evidentiary determination of a state trial court, the federal court will "not sit as a 'super' state supreme court."  Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (citations omitted).  In Shaw, the Eleventh Circuit explained:

> Unlike a state appellate court, we are not

9

>free to grant the petitioner relief simply because we believe the trial judge has erred. The scope of our review is severely restricted. Indeed, the general rule is that a federal court will not review a trial court's actions with respect to the admission of evidence. [Citations omitted]. A state evidentiary violation in and of itself does not support habeas corpus relief. [Citations omitted]. Before such relief may be granted, the violation must rise to the level of a denial of "fundamental fairness." [Citations omitted].
>
>In the context of state evidentiary rulings, the established standard of fundamental fairness is that habeas relief will be granted only if the state trial error was "material in the sense of a crucial, critical, highly significant factor." [Citations omitted]. Moreover, application of this standard has been notably one-sided, consistent with the reluctance of federal courts to second-guess state evidentiary rulings. This court has established a well-documented resistance to granting relief when a habeas petition alleges a federal claim based merely on a state evidentiary ruling.

Id.

Moreover, this Court recognizes that the federal habeas claims made by Petitioner have been previously raised and decided on the merits by the Alabama courts. Consequentially, Petitioner's claims will be considered under 28 U.S.C. § 2254(d), which provides the following:

>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

10

adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. In Williams v. Taylor, 529 U.S. 362, 412 (2000), Justice O'Connor, writing for a majority of the Court, recognized that § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits, as a writ may issue only if the state court adjudication resulted in a decision that "was either (1) 'contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of ...clearly established Federal law, as determined by the Supreme Court of the United States.'" (Emphasis in original).

A state-court decision is contrary to the Supreme Court's clearly established precedent (1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state

11

court confronts a set of facts that are
materially indistinguishable from those in a
decision of the Supreme Court and nevertheless
arrives at a result different from Supreme
Court precedent.  See Williams v. Taylor, 529
U.S. 362, 120 S. Ct. 1495, 1519-20, 146 L. Ed.
2d 389 (2000).

A state court decision involves an
unreasonable application of Supreme Court
precedent "if the state court identifies the
correct governing legal rule from [Supreme
Court] cases but unreasonably applies it to
the facts of the particular state prisoner's
case." Williams, 120 S. Ct. at 1520.  In
addition, a state court decision involves an
unreasonable application of Supreme Court
precedent "if the state court either
unreasonably extends a legal principle from
[Supreme Court] precedent to a new context
where it should not apply or unreasonably
refuses to extend that principle to a new
context where it should apply." Id.

Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000) (citing

Williams, 529 U.S. at 404-406).  Moreover, the Act, as amended,

presumes as correct all determinations of factual issues made by a

state court and places the burden upon the Petitioner of rebutting

such a presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e).  As noted, a careful review of this action

reveals that Petitioner's claims have each been raised and decided

on the merits in the state courts; therefore, this Court will

review Petitioner's habeas claims under the standard of 28 U.S.C.

§ 2254(d).

12

Claim A(I)

Petitioner asserts that the denial by the trial court of his motion for acquittal at the close of the State's case was error. The sole ground stated for Petitioner's motion for acquittal was an alleged lack of evidence regarding Petitioner's intent to cause the death of another. (Doc. 9, Ex. 1A, Vol. 2 at R-189-R-191). In denying Petitioner's motion, the trial court held that under the facts and circumstances of the case, the jury could find that the bat used in the beating death of the victim was a deadly weapon or dangerous instrument, and from this could infer intent.[4] The court later instructed the jury that intent to cause death can be inferred from the use of a deadly weapon.

A review of Alabama case law reveals that baseball bats have indeed been held to be deadly weapons. Humphrey v. State, 833 So. 2d 679, 680 (Ala. Crim. App. 2002) ("[A] baseball bat is a deadly weapon."), and Hill v. State, 516 So. 2d 876 (Ala. Crim. App. 1987)("[A] bat can clearly be a deadly weapon."). Additionally,

---

[4]The trial judge stated as follows: "...I think intent can be inferred from the use of a deadly weapon or a dangerous instrumentality. I think under the facts and circumstances of this case the jury could find that a baseball bat was a deadly instrument or dangerous instrumentality or deadly weapon and given the number of blows to the head and the other attending circumstances, I think we have a jury question at minimum and, accordingly, I am going to deny your motion for judgment of acquittal." (Doc. 9, Ex. 1A, Vol. 2 at R-189-R-191).

13

Alabama case law reveals that a jury may be advised that they can infer intent from a person's use of a deadly weapon.  See Brown v. State, No. CR-01-1900, 2006 WL 1125007, *27 (Ala. Crim. App. April 28, 2006) ("'Intent may be inferred from the use of a deadly weapon.'"), citing Fears v. State, 451 So. 2d 385 (Ala. Crim. App. 1984), and Young v. State, 428 So. 2d 155 (Ala. Crim. App. 1984).

Based upon the clear law of the State of Alabama regarding baseball bats being considered deadly weapons, and the right of the jury to infer intent from the use of such a weapon, this Court finds that the trial court did not err in denying Petitioner's motion for acquittal at the close of the State's case.  Further, this Court finds that it was not error to advise the jury that they could infer intent from Petitioner's use of a deadly weapon.[5]

## Claim A(II)

Petitioner next claims that the trial court erred in allowing the State to introduce autopsy photographs during his trial.[6]  The

---

[5]Even had this Court determined that the trial court erred in instructing the jury that they could infer intent from the use of the baseball bat, Petitioner was not convicted of murder, but instead the lesser included offense of manslaughter, which requires no evidence of "intent." Ala. Code § 13A-6-3.

[6]It is actually unclear to the Court as to whether the issue of admission of the autopsy photographs is part of claim I or II, as Petitioner states it in the title of claim I, but actually discusses it in claim II.  This issue is moot, however, as the Court has determined that the claim has no merit.

trial court, over Petitioner's objection, allowed the State to introduce two autopsy photographs of the victim during testimony of the medical examiner. (Doc. 9, Ex. 1A, Vol. 2 at R-171-R-172). Petitioner claimed that the photographs were not a fair and accurate representation of the victim's injuries because the injuries appeared to be magnified. However, Alabama courts have consistently held that photographs of victims are admissible during trial. Recently, in Brown v. State, No. CR-04-0293, 2007 WL 1865383, *21 (Ala. Crim. App. June 29, 2007), the court explained the following:

> This Court has held that autopsy photographs, although gruesome, are admissible to show the extent of a victim's injuries. [A]utopsy photographs depicting the character and location of the wounds on a victim's body are admissible even if they are gruesome, cumulative, or relate to an undisputed matter. Autopsy photographs depicting the internal views of wounds are likewise admissible.

Brown, 2007 WL 1865383 at *21 (internal citations and quotation marks omitted). Based upon the clear law of the State of Alabama regarding the admission of autopsy photographs, this Court finds that the trial court did not err in allowing the admission of the two autopsy photographs.

Accordingly, with respect to both aspects of Petitioner's habeas claim A, he has failed to establish under the "contrary to"

15

clause of § 2254(d)(1) that the Alabama Court of Criminal Appeals applied a rule that contradicts the governing law set forth in Supreme Court case law or that the court decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts. Likewise, Petitioner has failed to establish under the "unreasonable application" clause that the state court, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case. To the contrary, the decision of the Alabama Court of Criminal Appeals regarding Petitioner's claim of trial court error is completely consistent with current Alabama case law.   Thus, Petitioner has not established that he is entitled to relief under § 2254(d)(1).

In addition, Petitioner has failed to establish entitlement to relief under § 2254(d)(2) by showing that the decision of the Alabama Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.   This Court must presume as correct the determinations of all factual issues made by the state court.   28 U.S.C. § 2254(e).   Petitioner has not rebutted that presumption of correctness by clear and convincing evidence.   Accordingly, Petitioner is not entitled to habeas relief on the basis of claim A, and that both aspects of that claim are due to be denied.

<u>Claim B</u>

16

In his final claim, Petitioner asserts that the trial court erred in denying his motion for judgment of acquittal based upon the sufficiency of the evidence, as the case against Petitioner was based almost entirely on circumstantial evidence. (Doc. 1 at 17-18). However, a review of Alabama case law reveals that Petitioner's claim must fail. Alabama courts have stated the following:

> In deciding whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in a light most favorable to the prosecution. Conflicting evidence presents a jury question not subject to review on appeal, provided the state's evidence establishes a prima facie case. The trial court's denial of a motion for a judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty. In applying this standard, the appellate court will determine only if legal evidence was presented from which the jury could have found the defendant guilty beyond a reasonable doubt. When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court does not constitute error.
>
>                    ...
>
> ... Circumstantial evidence alone is enough to support a guilty verdict of the most heinous crime, provided the jury believes beyond a reasonable doubt that the accused is guilty. Circumstantial evidence is in nowise considered inferior evidence and is entitled to the same weight as direct evidence provided

17

it points to the guilt of the accused.

... 

[c]ircumstantial evidence is not inferior evidence, and it will be given the same weight as direct evidence, if it, along with the other evidence, is susceptible of a reasonable inference pointing unequivocally to the defendant's guilt. In reviewing a conviction based in whole or in part on circumstantial evidence, the test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude.

Payne v. State, 946 So. 2d 930, 933-935 (Ala. Crim. App. 2006) (internal citations and quotation marks omitted).

This Court agrees with the Alabama Court of Criminal Appeals in finding that this issue is without merit. Sufficient evidence was presented to support Petitioner's conviction. Moreover, the circumstantial evidence presented to the jury in this action clearly persuaded them beyond a reasonable doubt as to Petitioner's guilt in the beating death of the victim.

Accordingly, with respect to habeas claim B, Petitioner has failed to establish under the "contrary to" clause of § 2254(d)(1) that the Alabama Court of Criminal Appeals applied a rule that contradicts the governing law set forth in Supreme Court case law or that the court decided the case differently than the Supreme Court did in a previous case presenting a set of materially

18

indistinguishable facts.   Likewise, Petitioner has failed to establish under the "unreasonable application" clause that the state court, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case. To the contrary, the decision of the Alabama Court of Criminal Appeals regarding Petitioner's state court claim is completely consistent with Alabama case law. Thus, Petitioner has not established that he is entitled to relief under § 2254(d)(1).

In addition, Petitioner has failed to establish entitlement to relief under § 2254(d)(2) by showing that the decision of the Alabama Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  This Court must presume as correct the determinations of all factual issues made by the state court.  28 U.S.C. § 2254(e).  Petitioner has not rebutted that presumption of correctness by clear and convincing evidence.   Accordingly, Petitioner is not entitled to habeas relief on the basis of claim B, and that claim is, therefore, due to be denied.

<u>CONCLUSION</u>

Based on the foregoing, the undersigned Magistrate Judge is of the opinion that Petitioner's rights were not violated and that his request for habeas corpus relief should be denied.   It is so recommended.

19

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **13**th day of **August 2007.**

**_____/s/ SONJA F. BIVINS_____**
**UNITED STATES MAGISTRATE JUDGE**

_____

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to

object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.